

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

June 26, 1948

Hon. G. F. Williams
Firemen's Pension Commissioner
Austin, Texas

Opinion No. V-618

Re: Construction of
Firemen's Dis-
ability and Retire-
ment Act as to the
expression "fully
paid Fire Depart-
ment" contained in
Section 8.

Dear Sir:

Your request for an opinion upon the above stated subject matter is as follows:

"Section 8 of the Firemen's Disability and Retirement Law, (H. B. 258 45th Leg.) provides that Medical and Hospital services shall be paid for Volunteer Firemen and shall not apply to any city or town having a fully paid fire department.

"In some instances fire departments have one paid fireman and the rest are volunteers. I would like to have a ruling on whether or not Section 8 would apply to the paid man in a case like this."

Section 8 of the Firemen's Relief and Retirement Act, (H. B. No. 258 of the Regular Session of the 45th Legislature) is as follows:

"Whenever any duly enrolled member of any regularly organized active fire department of any city or town now coming within or that may hereafter come within the provisions of this Act as herein limited, on account of accident or other temporary disability caused or sustained while in, and/or in consequence of the performance of his duties, be confined to any hospital or to his bed and/or shall require

the professional services of a physician, sur-
geon or nurse, said Board of Trustees shall
upon presentation of properly itemized and
verified bills therefor, order paid from the
Firemen's Relief and Retirement Fund of that
city or town, all necessary hospital, physi-
cian's, surgeon's, nurses' and/or medicine
bills or expenses and not less than Five Dol-
lars ($5) nor more than Fifteen Dollars ($15)
per week to such fireman during such tempor-
ary disability; provided however, that in no
case shall the amount or amounts so paid for
such bills and expenses exceed the aggregate
sum of One Hundred Dollars ($100) in any one
month; and provided further, that the bene-
fits provided by this Section shall not apply
to any city or town having a fully paid fire
department."

The dominating purpose of H. B. No. 258, as ap-
pears from the title to the Bill and likewise from the
entire context thereof, is to afford relief and retire-
ment benefits to firemen of the cities, towns and vil-
lages of the State. In Section 26 the word "firemen" or
"fireman" means and includes all active members of any
regularly organized Fire Department of any incorporated
city or town of this State, having fire-fighting equip-
ment or apparatus of the minimum value of One Thousand
($1,000) Dollars or more, whether wholly paid, partly
paid and partly volunteer, or wholly volunteer. These
are the members entitled to benefits provided by the Act.

The language of Section 8 above quoted is clear
and unambiguous in respect to the proviso under consider-
ation. That proviso is "and provided further, that the
benefits provided by this Section shall not apply to any
city or town having a fully paid Fire Department." In
the instance put by you, that is, in a Fire Department hav-
ing one paid fireman and the other members are volunteers,
it cannot possibly be said that there exists a "fully paid
Fire Department." It takes all the members of the Depart-
ment to constitute the Department, and where only one of
such members is a paid fireman, it cannot be said that the
Department is a "fully paid" one.

The member benefits of Section 8 of the Firemen's
Disability and Retiremen Act, therefore, do apply to the
case you state.

### SUMMARY

The benefits provided in Section 8 of the Firemen's Relief and Retirement Act (H. B. No. 258, R. S. 45th Leg.) apply to a city or town whose Fire Department has one paid fireman and the other members are volunteers.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *Ocie Speer*

Ocie Speer
Assistant


APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

OS:b:wb